## Davis Thayer *versus* Lydia B. Mann.

In the case of a mortgage of real estate to secure the payment of a promissory note, although the note be barred by the statute of limitations, yet if it has not been paid the mortgagee has his remedy on the mortgage.

THIS was a writ of entry, wherein the demandant sought to recover possession of certain real estate under a deed of mortgage from Thomas S. Mann to one Cobb, dated June 19th, 1821, recorded on the same day, and assigned by Cobb to the

demandant in January 1823. The mortgage was conditioned for the payment of three promissory notes made by the mortgagor, dated in 1821, payable to Cobb or order, on demand, with interest. The notes were indorsed by Cobb to the demandant, and were produced at the trial. Two of them were attested, the third was not.

The tenant claimed to hold possession of the demanded premises under a deed of mortgage made to her by Thomas S. Mann on the 20th of June, 1821. In this deed the premises are conveyed subject to the first mortgage, in express terms.

The tenant attempted to prove that the notes given to Cobb had been paid, or that there existed a substantial set-off against them ; and it was urged to the jury, that if nothing was paid or was to be set off, the demandant was barred from a recovery for his notes, by the statute of limitations.

*Morton* J., before whom the cause was tried, instructed the jury, that the demandant was not barred from recovering a conditional judgment for either of the notes, by the statute of limitations ; that if they believed that the notes had been fully paid or set off, they should return a verdict for the tenant ; but that if they found only a partial payment, they should return a verdict for the demandant, setting forth the sum remaining due to him ; and if they found no payment, they should return a verdict for the demandant generally.

The jury found a general verdict for the demandant. The tenant excepted to the instructions of the judge.

*Nov. 1st.* *Mann*, for the tenant, relied on the ground, that the notes were the principal thing and the mortgage but an incident, and the notes being barred by the statute of limitations, the mortgage was barred likewise. He cited *Frye* v. *Barker*, 4 Pick. 382 ; *Jackson* v. *Blodget*, 5 Cowen, 206 ; *Langdon* v. *Buel*, 9 Wendell, 80 ; *Giles* v. *Baremore*, 5 Johns. Ch. R. 552 ; *Jackson* v. *Sackett*, 7 Wendell, 94 ; *Goodwin* v. *Richardson*, 11 Mass. R. 469 ; *Appleton* v. *Boyd*, 7 Mass. R. 131 ; *Crane* v. *March*, 4 Pick. 136 ; *Wade* v. *Howard*, 11 Pick. 289.

*Metcalf* and *Lovering*, for the demandant, said that if the notes were barred by the statute of limitations, the debt was not extinguished, but only the remedy on the notes was taken

away, that the statute did not run against the mortgage, and nothing less than payment of the debt would satisfy the condition. *Davis* v. *Maynard*, 9 Mass. R. 242; *Anonymous*, 1 Salk. 154; *Quantock* v. *England*, 5 Burr. 2628; *Toplis* v. *Baker*, 2 Cox, 122; *Baldwin* v. *Norton*, 2 Connect. R. 161; *Lockwood* v. *Sturdevant*, 6 Connect. R. 388; *Spears* v. *Hartly*, 3 Esp. R. 81; *Reed* v. *Shepley*, 6 Vermont R. 602.

PUTNAM J. afterward drew up the opinion of the Court. The tenant's title was expressly to be subject to the incumbrance of the mortgage of the demandant. And the jury have found that the notes, for the security of which this mortgage was given, have not been paid, and that there existed no substantial set-off thereto. But the tenant contends that the demandant cannot recover in this action, because the notes are barred by the statute of limitations, so that the demandant could not recover upon the notes, if he sued for the same in his own name. And the fact is so; all the notes are within the statute. Two of them are witnessed, but that circumstance would not enable the indorsee to sue in his own name; and the third note, which is not witnessed, could not be recovered even in the name of the promisee, unless he could repel the statute bar.

The demandant is the assignee of the first mortgage and of the notes. The tenant therefore contends that the demandant cannot be entitled to recover upon the mortgage, inasmuch as he could not enforce his claim upon the notes; and that a statute bar is to all intents equivalent to an actual payment of the debt or notes secured by the mortgage. That is the question to be decided. A reference to the condition contained in the mortgage, shows that it is to be and remain in full force until the debt shall *be paid*. The creditor has a double remedy, one upon his deed, to recover the land, another upon the note, to recover a judgment and execution for the debt, and it does not follow that he cannot recover on one, although there may be some technical objection or difficulty to his recovery upon the other. The debt remains although the statute of limitations may discharge the remedy upon the note.

Thus in 3 Esp. R. 81, *Spears* v. *Hartly*, it was held by

Thayer
*v.*
Mann.

Lord *Eldon,* that where a creditor obtains possession of goods on which he has a lien for a general balance, he may hold in virtue of his lien, although the statute of limitations has run against a part of his demand. The debt was not discharged by the statute ; it was the remedy only which was affected.

If there were no reference in the condition to the notes, the case would seem too clear for argument ; thus, if the condition. were, that the mortgage should be void when the mortgagor or his executors &c. should pay a certain sum of money, with lawful interest, it would be in that respect like a Welsh mortgage, and nothing short of payment would defeat the title of the mortgagee. Now the reference to the notes recognizes the debt. The mortgage is given to secure the payment. It is to be discharged and rendered of no effect when the debt is *paid.* In *Toplis* v. *Baker,* 2 Cox, 123, it was said by the court, that "if the collateral security had been a note of hand instead of a bond, the statute of limitations would run against the note and leave the mortgage as it was."

In the case at bar the question, whether or not the debt has been paid, has been submitted to the jury, who have decided in the negative. The condition upon which the mortgage was given not having been performed, the Court is of opinion that the demandant have judgment for possession as upon a mcrtgage.